

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2022 DEC 29  AM 10: 38

CLERK-ALBUQUERQUE

## THE SUPERIOR COURT OF THE STATE OF NEW MEXICO
### IN AND FOR THE COUNTY OF BERNALILLO

TODD REED a married man

      Plaintiff,

      vs.

ALBUQUERQUE PUBLIC SCHOOLS
Superintendant Scott Elder


      Defendants.

NO.　　**22cv985 KK**

COMPLAINT

COMES NOW the Plaintiff, TODD REED pro se, alleging the following claims against Defendants:

### 1.  Parties

1.1　　Plaintiff Todd Reed is a married individual and resident of **Albuquerque, Bernallillo** County, NM.

1.2　　Defendant is Albuquerque Public Schools is an active New Mexican Corporation, located at 6400 Uptown Blvd NE, Albuquerque NM 87110.

### 2.　**VENUE AND JURISDICTION**

Complaint--1

1      2.1     This Court has Original Jurisdiction of this proceeding pursuant to **NM Const.**

2  **Article VI § 3**

3      2.2     Venue is proper in this Court under **NM Stat. § 38-3-1 (2019)**

4

5              **3.**     **FACTUAL BACKGROUND**

6      3.1     Plaintiff re-alleges and incorporates herein the proceeding paragraphs of this

7  pleading as though set forth in full herein

8      3.2     Plaintiff was hired by Defendant on August 5,2001, to work as a Teacher at the

9  Albuquerque Public Schools in Albuquerque New Mexico,   Plaintiff was previously under

10  contract until forced to retire due to discrimination and harassment in April 2022.

11      3.3     Over the 25year time span of working at APS, Plaintiff had received a raise in

12  salary.

13      3.4     Over the 20 year span of working at APS, Plaintiff had received and positive

14  feedback and performance reviews from supervisors. [Exhibit 1]

15      3.5     Plaintiff compensation as an employee of APS was $60,000 per year, federal

16  holidays and summer vacation, added personal and sick leave. [Exhibit 2]

17

Complaint--2

3.6    On November 8, 2020 plaintiff sent an e.mail supervisor Shelly Henderson representing APS that he was unable to wear a mask, but was ready to get back to work at school.  [Exhibit 3]

3.7    On November 13, 2020, in efforts to continue to investigate if there had been any new laws passed that allowed Plaintiff's employer to own him or his rights, have insurance coverage for such a transitory disease or the medical interventions they were imposing, or liability coverage for any mitigated factors due to such interventions, if his rights or informed consent had been waived by a new law, or if he had been individually assessed as a direct threat without his knowledge, etc.. an e.mail was sent to the Office of Risk Management with an indemnification agreement stating that he would be willing to participate in such an epidemiological experiment if APS would be willing to be held liable.  Also included was a list of Plaintiff's job descriptions and responsibilities as well as his contract, none of which included Covid-19 mitigated measures. A list of questions to be answered were also included. [Exhibit 4]

3.8    On November 17, 2020 Defendant, represented by Kelly Marvin (HR) refused to sign the indemnification agreement to accept responsibility for Plaintiff being infected with Covid-19 and the ramifications of medical mitigated measures being imposed on Plaintiff

Complaint--3

1    without informed consent, or any form of individualized assessment by any medical professional.

2    Defendant did not respond to questions or comment concerning content of contract. [Exhibit 5]

3          3.9    On December 11,2020 Plaintiff responded to defendant whom did not explain

4    why she needed my medical history, as Plaintiff is a qualified individual regarded as having a

5    disability. Plaintiff has been regarded as having a contagious disease as he is being coerced into

6    mask wearing, taking a shot (called a vaccine), forced testing and tracking and social distancing

7    through APS policy, and is being recorded and misdiagnosed as having a contagious disease

8    which potentially limits one or more life activities.   Plaintiff questioned his rights of informed

9    consent, and if there were to be a licensed medical doctor conducting individualized assessments.

10   [Exhibit 6]  No response was delivered to Plaintiff by Defendant.

11         3.10    On January 5, 2021 Plaintiff affirmed his willingness to continue remote learning,

12   with support and willingness from fellow teachers to work with his right to breath freely and no

13   need to wear a medical device on his face.   Principals were reluctant and discriminated against

14   Plaintiff by discouraging him from working and exercising his right through the ADA of denying

15   any accommodations or modifications or ADA law.   Plaintiff communicated through e.mail with

16   defendant representative Shelly Henderson to all schools he worked. [Exhibit 7]

17

Complaint--4

3.11    On January 12 2021, in response to the so called coronavirus/Covid-19 pandemic, Superintendent Elder for APS announced to all of its employees through the APS website and e.mail memorandum that it would require all employees to receive the coronavirus / Covid-19 shot, or obtain a negative COVID-19 test weekly and wear masks every day in violation of EUA, ADA, personal and property rights. [Exhibit 8]

3.12    On March 12,2021 an e.mail was released stating that the Board of Education accepted the re-entry plan suggested by Stephanie Fascitelli both entities representing the Defendant.  The entry plan supports the violation of all the rights and laws already presented. [Exhibit 9]

3.13    On March 31,2021, Defendant through Gabriella Blakey sent a memo stating re entry plan consisting of violation of ADA, EUA  personal property rights. [Exhibit 10]

3.14    On March 19, 2021 Defendant through Shelly Henderson suggest that Plaintiff become an experiment by allowing the experimental shot during the EUA for the claim of an alleged contagious disease called Covid 19.  Defendant is also coercing Plaintiff to give up his personal medical information through expectations of ADA representative at APS.[Exhibit 11]

3.15    On March 21, 2021 Defendant coercing Plaintiff to become an experiment of the experimental, unproven shot for the virus Covid 19. [Exhibit 11]

Complaint--5

3.16    On March 24, 2021 Plaintiff affirming his rights under the ADA under the regarded as prong, stating that he did not need any accommodations or treatment for misdiagnosis and no individualized assessment, and re instating his rights of informed consent under the EUA, ADA, and Patients Bill of Rights.  Plaintiff explained that he was ready to work and meet students. [Exhibit 11]

3.17    On March 24, 2021 Defendant representative Shelly Henderson, writes that Plaintiff will have to give up his rights of informed consent, and allow to be experiment with the shots called "vaccine" for the "virus" named covid 19.  Defendant suggests that Plaintiff takes leave. [Exhibit 11]

3.18    On March 29, 2021 Plaintiff contacted Defendant explaining the violation of his rights, APS unwillingness to follow the law and to respect plaintiffs religious beliefs, medical concerns, and Plaintiff's disability but to use family health leave to coerce plaintiff. [Exhibit 12]

3.19    On March 29, 2021 Defendant, nurse at LBJ Middle School sent new policy concerning mitigated measures in violation of Plaintiff's rights. [Exhibit 13]

3.20    On March 29, 2021 Plaintiff received a packet from defendant requesting personal medical information.   Defendant did not show their exemption from following ADA once

Plaintiff claims that he was regarded as having a disability by denying the use of medical interventions including but not limited to mask wearing rights. [Exhibit 14]

3.21    On March 30, 2021 Plaintiff was informed that he was unable to continue to work unless complying with unlawful mitigated measures including mask wearing, testing, and contact tracing. This action of coercion left Plaintiff no alternative measure but to take extended sick leave.[Exhibit 15]

3.22    On March 30, 2021 Defendant gave the ultimatum of either wearing medical device, and that it was a condition of employment, and that the only alternative was setting up extended sick leave with FMLA. It should be noted that no such policy was listed in plaintiff's contract or job description. [Exhibit 16]

3.23    On March 31, 2021 Defendant e.mailed returning to work criteria included forced medical examinations, experimental treatment with no medical staff, and no medical diagnosis. [Exhibit 17]

3.24    On April 1, 2021 Plaintiff explains being coerced into contacting physician for forced extended sick leave, and making the appropriate arrangements that students will be adequately serviced. Despite Defendant not providing any criteria on an exemption process or reasonable accommodation, Plaintiff submitted a formal refusal to the vaccine and testing

policies for religious and medical reasons, along with citing violations of basic human rights,
property rights, natural law, The Nuremberg code, Patient Bill of Rights, OSHA guidelines,
rights of informed consent. [Exhibit 18]

 3.25 On April 2, 2021 Defendant's teacher explained that several students were
remaining remote. [Exhibit 19]

 3.26 On April 2, 2021 Plaintiff's physician sent medical paperwork for extended leave.
[Exhibit 20]

 3.27 On or around the week of April 2, 2021 Plaintiff contacted defendant and asked
why the information given by Plaintiff is not sufficient to allow Plaintiff to continue to work,
instead of extended sick leave.  Plaintiff also inquired that if multiple students were remaining
remote, why plaintiff could not work with those students?  Reply from defendant was that
Plaintiff was like talking to a bump on a log.  There was never an answer given.[Exhibit 21]
[Exhibit 23]

 3.28 On April 3, 2021 Plaintiff contacted Defendant to inquire of how to submit
different type of leave.[Exhibit 22]

 3.29 Plaintiff began coerced extended sick leave April 2021. [Exhibit 23]

 3.30 Plaintiff ended paid sick and personal leave October 2021.

3.31    On February 3, 2022 Plaintiff e.mailed Defendant (HR Todd Torgerson) explaining that APS e.mail had been disconnected and to send any e.mails to personal e.mail toddreed16@protonmail.com. [Exhibit 24]

3.32    On March 2, 2022 Plaintiff sent certified letter to Defendant, HR Todd Torgerson labeled confidential communication explaining discrimination practices by APS.  Included were violations of the ADA, APS interfering with ADA protections, including fixed leave policy, and no available options which is listed as a violation under the EEOC website, number 19.   In Plaintiff's case, extended sick leave or mask wearing.  APS has shown no legal duty of care, neither has APS supported its claim of supporting and encouraging those individuals with disabilities under the regarded as prong nor has APS hired a physician to complete an individualized assessment to determine the type of disability or contagion, but rather recklessly mis diagnosed and mis treated those that have not been diagnosed without consent or a physician to administer such test. [Exhibit 25, Exhibit 26]

3.33    On or around March 10, 2022 certified mail was returned.   Plaintiff hand delivered the confidential communication letter directly to Defendants office, HR Todd Torgerson. [Exhibit 27]

3.34    Defendant did not respond to e.mails or letters.

3.35    On March 14, 2022 Plaintiff sent an e.mail to Defendant, HR Todd Torgerson labeled confidential communication with same information. [Exhibit 27]

3.36    On March 16, 2022 Plaintiff contacted EEOC concerning discriminatory behavior by APS.  Defendant, HR Todd Todd Torgerson was copied. [Exhibit 28]

3.37    Defendant did not respond.

3.38    On March 24, 2022 out of fear of being harassed by employer and discriminated against, Plaintiff reluctantly submitted his letter of resignation. [Exhibit 29]

3.39    Evidence of APS Discrimination Policy, and Section 504 of the Rehabilitation act quoted by APS contradicting actions towards employees. [Exhibit 30 and 31]

## 4.    CAUSES OF ACTION

4.1    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full herein.

4.2    **First Cause of Action (Violation of Right to Privacy).**  By demanding proof of specific private medical information as a of employment and without authority of law, Defendant has violated Plaintiff's Right to Privacy under The Fourth Amendment of The United States Constitution and Article II section 4 under the New Mexico Constitution, and criminally liable under New Mexico Stat. § 30-12-11 (2021)

Complaint--10

4.3 **Second Cause of Action (Violation of Right to Due Process).** Second Cause of Action (Violation of Right to Due Process). In deeming Plaintiff to be a "direct threat of contagion" to others without a qualified medical assessment nor providing Plaintiff with opportunity to be heard, Defendant violated Plaintiff'sRight to Due Process under USC 14th Amendment and under Article II section 18 of the New Mexico Constitution.

4.4 **Third Cause of Action (Violation of Right to Liberty). Third Cause of Action (Violation of Right to Liberty).** The Fourteenth Amendment protect the right to be "free from unjustified intrusions into the body." See Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002) (describing Fourteenth Amendment right to informed consent) (citing Riggins v. Nevada, 504 U.S. 127, 134 (1992)). This includes the right "to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently." Id. (citing White v. Napolean. 897 F.2d 103,  111 (3d Cir. 1990)). Shillingford v. Holmes, 634 F. 2d 263, 265 (5th Cir. 1981) ("the right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process"). See also Washington v. Glucksberg, 521 U.S. 702, 720 (1997) ("the liberty protected by the Due Process Clause [of the Fourteenth Amendment] includes the right… to bodily integrity."). By violating Plaintiff's right to refuse unwanted medical treatment and creating coercive conditions (job loss, financial harm)  for the injection of "vaccines, mask wearing, test taking etc., Defendant's actions represented a substantial interference with Plaintiff's liberty, and NM Stat § 43-1-15 (1996 through 1st Sess 50th Legis) the to consent to medical treatments. Denial of the Plaintiff's right to the assumption of risk.

4.5 **Fourth Cause of Action (Violation of Informed Consent).** Defendant violated

Plaintiff's right to Informed Consent, under New Mexico Statute § 43-1-15, New Mexico Statute ss 24-2B-2 (2019) , Article II ss 4 of the New Mexico Constitution, and the EUA (Emergency Use Authorization) Statutes 21 USC § 360bbb-3, and FDCA § 564(c)(1)(A)(ii)(III) when Defendant failed to inform Plaintiff of all possible risks, all material facts relating to the treatment, the recognized possible alternative forms of treatment, and the Right and Option to refuse treatment, including the right to non-treatment.

4.6     **Fifth Cause of Action (Violation of Vested Right to Continued Employment).**
Fifth Cause of Action (Violation of Vested Right to Continued Employment). In that the New Mexico State Governor Grisham and the Secretary of State Oliver to cite or plead any private statute by its title, and the day of its passage, as required - Pleading Private matters, their Covid Vaccine Health Orders and Proclamations carry no "legal authority" and grant the Defendant no legal basis for denying Plaintiff continued employment based upon whether or NOT the Plaintiff received a Covid 19 Vaccination, Mask Wearing, or PCR Test.  The Defendant violated Plaintiff's Constitutional right to Continued Employment under 1 Sutherland Statutory Construction (3d ed.), p. 525, § 204.

4.7     **Sixth Cause of Action (Violation of Right to Nondiscrimination)** . Defendant has violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, 17 USC 2000

4.8     As a direct and proximate result of the Defendant's conduct (collectively 4.1 – 4.6) , Plaintiff has suffered damages in the form of lost earnings and benefits, lost future earnings, and/or other prospective damages in amounts according to proof at the time of trial.

4.9     As a further direct and proximate result of the Defendant's conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to their detriment and damage

amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

4.10   In engaging in the conduct alleged herein, Defendant, acted oppressively, maliciously, fraudulently, and outrageously towards Plaintiff, with conscious disregard for Defendant's known rights and with the intention of causing and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the Defendant intended to and did vex, injure and annoy Plaintiff.  Therefore an assessment of punitive damages should be made against defendant in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory, illegal and/or retaliatory conduct.

4.11   **Seventh Cause of Action (Violation of Rights Under the ADA).**  Defendant has misclassified Plaintiff as a qualified individual with a  disability by assuming he has a contagious disease, therefore is regarding Plaintiff as having a disability, 29 CFR § 1630.2 (L), in turn has violated Plaintiff's rights by limiting one or more life activities, by threatening Plaintiff and not allowing Plaintiff to continue work. Defendant has made a record of a disability by misclassifying Plaintiff with a contagious disease that substantially limits one or more major life activities.  Defendant has also made a record of a disability by the multiple policies documented and sent to be via e.mail. 29CFR § 1630.2(k) Defendant has violated Plaintiff's ADA rights Under 29 CFR § 1630.6 as no contractual or other arrangements or relationship that has the effect of subjecting the covered entity's own qualified applicant or employee with a disability to the discrimination. Defendant has violated Plaintiff's rights under the ADA, 29 CFR § 1630.9 by continually leading and harassing Plaintiff the need of an accommodation or modification which was not needed and continually refused by Plaintiff, but coerced into believing such an

action was needed, and was a necessity for job requirement. Defendant employer regards Plaintiff as having a disability. Defendant regards Plaintiff as having an impairment of my immune system and an impairment of Plaintiff respiratory system and responds to Plaintiff as if Plaintiff have a contagious disease. Defendant has made a record of such disability. Defendant has failed to conduct any individualized assessment to determine Plaintiff is direct threat to anyone. EEOC v. Hussey Copper Ltd., 22 A.D. Cases (BNA) 1821 (W.D. Pa. Mar. 10,2010),  Siewersten v. Worthington Steel Co. Case no. 3:11CV2572, 2015 U.S. List. Lexis 129455 (Dec. 8, 2015, N.D. Ohio.).

Defendant has failed to engage in any interactive process with me concerning disability rights or resolutions. Plaintiff asked to speak confidentially with Defendant's designated employee or representative that is responsible for resolving matters involving the Americans with Disabilities Act and grievances thereunder, but my Defendant refuses to provide Plaintiff access to such a person. Instead, Defendant has offered various accommodation measures including but not limited to mask-wearing, staying six feet away from others, frequent hand-washing, collection, use and storage of my vital statistics, histological samples and biometric data and biometric identifiers without adequate or proper notice, adequate disclosures, adequate data retention security or my informed consent, working in isolation, video-graphic and audio-graphic communications in lieu of face to face communications, working behind clear shielding, and injections of certain types of suspensions which are being called "vaccinations" yet do not prevent infection or transmission of any contagious disease and in fact create more disabilities by altering the normal function of Plaintiff's immune system and other cellular functions.  Defendant has not merely "offered" such accommodation measures, but threatened Plaintiff with penalties including those described herein for refusing such accommodations in violation of 29 CFR § 1630.9(d).

Plaintiff has informed Defendant Plaintiff is qualified individual with a disability that

Complaint--14

1    substantially limits Plaintiff's ability to engage in one or more major life activities with a

"Notice of Discrimination and Harassment Based Upon Disability"

2

3    Defendant never conspicuously disclosed that complying with a COVID-19 vaccine

requirement, testing requirement, or masking requirement is an essential function of the

4    job. Plaintiff has requested information regarding the risks and benefits of defendant's

accommodation measures and in response, defendant has retaliated against Plaintiff by

5    humiliating Plaintiff in front of others, by reprimanding Plaintiff and has threatened or

intimidated or coerced Plaintiff with the threat of suspension of pay, reduced hours or

6    pay or the termination of plaintiff employment for refusing such accommodation

7    measures instead of providing plaintiff with the information requested so that plaintiff

could make an informed decision.

8    Plaintiff has exercised his right to refuse such accommodation measures and proposed

9    instead that Plaintiff be permitted to perform Plaintiff employment duties without

harassment, retaliation, coercion or intimidation as a result of Plaintiff exercise of such

10    rights, and Defendant has prevented and interfered with this occurring.

Plaintiff has not requested reasonable modifications but only that Plaintiff be permitted

11    to perform Plaintiff's employment duties without harassment, retaliation, coercion or

12    intimidation.

Defendant has instead retaliated against Plaintiff for exercising his rights under the

13    Americans with Disabilities Act by threatening him with disciplinary measures and

penalties for refusing such accommodation measures, including but not limited to

14    suspension or reduction of pay, limiting Plaintiff's access to the premises where he

15    works, segregation, isolation, termination of employment, exclusion from programs or

services that would permit Plaintiff to improve his employment skills or become eligible

16    for advancement, and denied Plaintiff the possibility for promotion even when Plaintiff

17    was eligible or would become eligible.

Each day Defendant permits and encourages other employees, including Plaintiff's

Complaint--15

supervisor and managers to harass and intimidate me and ask me for medical, health and other personal information that does not pertain to, or is not necessary for, the performance of Defendant's duties.

Plaintiff thereby being denied equal access to the same programs, activities, benefits, jobs or other opportunities for which Plaintiff otherwise qualified, while other employees are not.  Plaintiff was being segregated, excluded and relegated to lesser services by my employer based solely upon disability.

Defendant has written and adopted policies that exacerbate Plaintiff disabilities and create disabilities while also encouraging others to retaliate against me for exercising my rights under the Americans with Disabilities Act.

Defendant has failed or refused to fulfill its duty to aid and encourage me in the exercise of Plaintiff's rights which are protected under the Americans with Disabilities Act.

Defendant has demonstrated by the actions of its employees and by its own written policies that it intends to continue such violations and failures to comply with the law and violation of my rights.

Defendant has violated NM Stat. § 28-1-7 (2020) (A)(B)(D)(F) by discriminating against Plaintiff by prohibiting continual employment, conditions of employment, coercing plaintiff into extended sick leave, publicly printing and circulating discriminatory information concerning those that are regarded as having a disability.

4.12    **Eighth Cause of Action (Criminal Offense)** Defendant was practicing medicine without a license as employees were being told and directed to misdiagnose and treat Defendants employees and students according to Food Drug and Cosmetic Act 201(h), NM Stat § 61-6-20 (2018), *State ex rel. Marron v. Compere*, 1940-NMSC-041, 44 N.M. 414, 103 P.2d 273. "the Medical Practice Act" Section 67-5-23 NMSA 1978.

Complaint--16

Defendant violated EUA Title 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III) by not informing employees and students of the risk and benefits, and the potential risk and benefits of mitigated factors, including but not limited Covid-19 shot, mask wearing, test taking, social distancing etc.

Defendant did not inform employees and students that all mitigated factors relevant to medical criteria are experimental according to EUA. EUA products are by definition experimental and thus require the right to refuse.  Under the Nuremberg Code, Codified in the United States, the foundation of ethical medicine, no one may be coerced to participate in a medical experiment.  Consent of the individual is "absolutely essential." Doe #1 v. Rumsfeld, 297 F.Supp.2d119 (2003).

Defendant violated NM Statute 30-22-3 concealing ones identity, or disguising oneself is guilty of a breaking the law.

Defendant committed extortion by communicating a threat of job loss, and threatening employees and students to follow unlawful mitigated factors against their will. NM Statute 30-16-9, a third degree felony.

Defendant did not show their legal duty of care.  Plaintiff requested Defendant's insurance binder, and proof of liability insurance for alleged contagious disease, and consequences of mis diagnosis, and the mis treatment of mitigated factors.

    4.13   **Ninth Cause of Action (Breach of Contract)** NM Stat § 37-1-23 (2020)

Defendant violated Plaintiff's right of informed consent, the right to accept or deny experimental treatment, and implementing such policy not listed in his contract. [Exhibit 32]

4.14     As a further direct and proximate result of the Defendant's conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to their detriment and damage amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

4.15     In engaging in the conduct alleged herein, Defendant, acted oppressively, maliciously, fraudulently, and outrageously towards Plaintiff, with conscious disregard for Defendant's known rights and with the intention of causing and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the Defendant intended to and did vex, injure and annoy Plaintiff.  Therefore an assessment of punitive damages should be made against defendant to an amount sufficient to punish them and to prevent them from willfully engaging in the future discriminatory, illegal and/or retaliatory conduct.

4.16     Finally, per New Mexico State Code, Plaintiff is entitled to costs and reasonable legal fees and appropriate and effective equitable or injunctive relief.

## 5.      RESERVATION

5.1     Plaintiff hereby reserves the right to pursue any and all remedies against Defendant.

5.2     Plaintiff hereby reserves the right to amend this Complaint to add further Individual Defendants according to 42 U.S.C. § 1983 authorizing officials in their individual capacity for compensatory and punitive damages.

Complaint--18

5.3    Plaintiff hereby reserves the right to amend this Complaint to add further allegations, causes of action and appropriate relief in the event such are learned through discovery.

### 6.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff having asserted claims for relief now prays for relief as follows:

6.1    For judgment against the Defendant in the amount of $100,00 for all back pay and payments owed from October 2021 to August 2023;

6.2    For attorneys' fees, court costs and all other damages permissible under New Mexico State Law.

6.3    For interest on the judgment at the maximum rate permitted by law until the judgment is satisfied in full;

6.4    For power to amend its pleadings to conform with the proof offered up to and at the time of trial; and

6.5    For such other further relief and punitive damages as the Court deems just and equitable.

DATED this _____29_____ day of _December_ 2022.


_Todd Reed_
Signature
Todd Reed
Address: 9420 Las Calabazillas Rd. NE
Telephone Number: 505-604-8980
Email: Toddreed16@protonmail.com

Complaint--19

**VERIFICATION**

STATE OF NEW MEXICO          )
                            )          ss.
COUNTY OF BERNALILLO        )

1.      I, Todd Reed, am over 18 years of age, and under the penalty of perjury pursuant

to the laws of the State of Washington, declare the following to be true and correct.

2.      I am a resident of Bernalillo, New Mexico.

3.      I have personal knowledge of the facts alleged in the foregoing Verified

Complaint.

4.      I have read the foregoing Verified Complaint, including the attached exhibits;

understand its content, and based on my review of the records, believe that the allegations

contained in the Complaint are true and correct.

Dated this ___28___ day of December 2022.

_Todd Reed_____

Signature

Subscribed and sworn to before me

this __28__ day of _December_, 20 _22_

_____

(Notary Pubic)

My commission expires _5-22-23_

LINDSAY MORA
Notary Public - State of New Mexico
Commission # 1126135
My Comm. Expires May 22, 2023

Complaint--20

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Todd Reed | APS/Superintendent Scott Elder |

| (b) County of Residence of First Listed Plaintiff **Bernalillo**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Bernalillo**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | **IMMIGRATION** | | | |
| | | [ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC12101 (ADA)

Brief description of cause:
Violation of ADA Title I,

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/28/2022 | Todd Reed  *Todd Reed* |

FOR OFFICE USE ONLY