IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD REED,

      Plaintiff,

v.                                                              No. 1:22-cv-00985 KK

ALBUQUERQUE PUBLIC SCHOOLS,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed December 29, 2022 ("Short Form Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, filed January 17, 2023 ("Long Form Application").

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] While the caption of the Complaint names Superintendent Scott Elder as one of the two "Defendants," it appears that Albuquerque Public Schools is the only Defendant in this action. S*ee* Complaint at 1. The "Parties" section of the Complaint indicates that APS is the only Defendant. *See* Complaint at 1, ¶ 1.2. Throughout the Complaint, the allegations refer to "Defendant," not "Defendants." *See*, for example, Complaint at 19, ¶ 6.1 (seeking a "judgment against the Defendant").

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and his spouse's combined average monthly income during the past 12 months is $3,335.00; (ii) their combined monthly expenses total $3,689.00; and (iii) Plaintiff and his spouse have $75.00 in cash, $371.00 in checking and savings accounts and $15,094.88 in a retirement account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, and because his and his spouse's combined monthly expenses exceed their monthly income.

Plaintiff initially filed a Short Form Application which does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. *See* Order to Cure Deficiency, Doc. 5, filed January 3, 2023 (ordering Plaintiff to file a Long Form Application). Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings

*in forma pauperis*]"). 28 U.S.C. § 1915(d).  Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to provide a copy of this Order, a summons and a copy of the Complaint to the United States Marshals Service for service on Defendant Albuquerque Public Schools at the address provided in the Complaint.  *See* Fed. R. Civ. P. 4(j)(2) ("A state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, filed January 17, 2023, is **GRANTED.**

(ii)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed December 29, 2022, is **DENIED as moot.**

(iii) The Clerk of the Court shall provide a copy of this Order, a summons and a copy of the Complaint, Doc. 1, filed December 29, 2022, to the United States Marshals Service. The United States Marshals Service shall serve a copy of this Order, a summons and a copy of the Complaint on:

Superintendent Scott Elder
Albuquerque Public Schools
6400 Uptown Blvd. NE
Albuquerque, NM 87110.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**